UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
INTEGRITY TRUST, by its trustee, Jon )
Cuddeback,                                        )      No. C16-927RSL
                                                    )
                  Plaintiff,        )
                                                    )
                                                    )      ORDER GRANTING CAPITAL ONE
                                                    )      AND MERS'S MOTION FOR RULE
    v.                                        )      11 SANCTIONS AND ATTORNEYS'
                                                    )      FEES UNDER CONTRACT AND
CAPITAL ONE, N.A., et al.,            )      RCW 4.84.185
                                                    )
                  Defendants.     )
_____)

      This matter comes before the Court on the motion for sanctions filed by defendants Capital One and Mortgage Electronic Registration Systems, Inc. ("Defendants"). Dkt. # 29. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, along with the remainder of the record, the Court finds as follows.

      The facts of this case have already been summarized by the Court, see Dkt. # 27, but in relevant part: This is the third lawsuit involving the 2012 foreclosure of the residential property located at 2222 West Lake Sammamish Parkway NE, in Redmond, Washington ("the Property"). Plaintiff is a self-settled trust established by Gary and Diane Alexander (collectively, "the Alexanders") for the benefit of their adult sons. Dkt. # 1, ¶ 2; Dkt. # 1, Ex. A-3. In October 2009, the Alexanders defaulted on a three million dollar loan secured by the Property. For the

ORDER GRANTING DEFENDANTS' MOTION
FOR SANCTIONS AND FOR ATTORNEYS' FEES

next thirty-two months, the Alexanders continued to live on the Property without taking any action to cure the default. On July 27, 2012, the Alexanders received notice that the Property would be sold. At the trustee's sale on November 30, 2012, Capital One bought the Property for $2,491,148.85. In spite of the foreclosure and trustee's sale, the Alexanders continued living on the Property without making any rent payments or payments on the loan, which was in default in excess of $561,000 at the time of the trustee's sale.

In order to delay their impending eviction, the Alexanders filed two separate lawsuits in King County Superior Court against Capital One, MERS, and a number of other defendants: Alexander v. Capital One, et al., ("Alexander I"), No. 12-2-37609-3; and Alexander v. Capital One, et al, ("Alexander II"), No. 13-2-27723-9. The Alexanders also engaged in a number of other delay tactics while Alexander I was pending, such as filing for bankruptcy the day before a summary judgment hearing in order to trigger the automatic stay provision available to parties engaged in bankruptcy proceedings.

On summary judgment, the Alexander II court dismissed all claims against Capital One and MERS. The court also granted the defendants attorneys' fees and costs pursuant to a provision of the Alexanders' deed of trust and "for the baseless filing of the Complaint in violation of [Washington Civil Rule 11]." No. 13-2-27723-9, slip op. at 7. The court concluded that "[t]he entirety of [P]laintiffs' lawsuit against defendants was frivolous and advanced without reasonable cause because it could not be supported by any rational argument on the law or facts…." No. 13-2-27723-9, slip op. ¶¶ 26-27. Attorneys' fees and costs were awarded in the amount of $79,526.63. Id. ¶ 28. The trial court's decision was affirmed on appeal. Alexander v. Capital One, Nos. 71952-1-I, 72350-2-I, 2015 WL 7736383 (Wash. Ct. App. Nov. 30, 2015).

Plaintiff Integrity Trust, an alter ego of the Alexanders, filed this suit in federal court in June 2016. Dkt. # 1. In January 2017, this Court granted Defendants' motion to dismiss and motion for summary judgment, Dkt. # 27, concluding that Plaintiff was essentially seeking to

1 relitigate Alexander II and thus that all of Plaintiff's claims were barred by the doctrine of claim
2 preclusion.

3   Defendants now move for sanctions under Federal Rule of Civil Procedure 11, and for
4 attorneys' fees under RCW 4.84.185 and the terms of the Alexanders' deed of trust.[1]  Rule 11
5 requires that an attorney sign a pleading, written motion, or other paper only if, to the best of that
6 attorney's knowledge, information, and belief formed after a reasonable inquiry, that filing is not
7 being presented for any improper purpose, and the claims within are warranted by existing law.
8 When a complaint is the primary focus of Rule 11 proceedings, the Court asks (1) whether the
9 complaint is legally or factually baseless from an objective perspective, and (2) whether the
10 attorney conducted a reasonable and competent inquiry before signing and filing it.  Holgate v.
11 Baldwin, 425 F.3d 671, 676 (9th Cir. 2005).  An attorney who has violated Rule 11 may be
12 sanctioned as necessary to deter repetition of the sanctionable conduct.  See Fed. R. Civ. P.
13 11(c).  RCW 4.84.185 provides that a prevailing party may recover attorneys' fees and other
14 reasonable expenses incurred in opposing a frivolous action.  The Alexanders' deed of trust also
15 provides for an award of attorneys' fees.  Dkt. # 15-1 at 23.

16   Defendants argue that Plaintiff's counsel, J.J. Sandlin, violated Fed. R. Civ. P. 11 by
17 filing this lawsuit when he knew, based on his involvement in Alexander II and communications
18 with Defendants' counsel, that the claims asserted in Plaintiff's complaint were baseless and/or
19 precluded.  Defendants further allege that Mr. Sandlin and Plaintiff knowingly filed a baseless
20 lawsuit in an effort to delay the Alexanders' eviction.  See Dkt. # 30, ¶ 4.

21   In response to Defendants' motion for sanctions, Plaintiff does not refute Defendants'
22 claim that a competent inquiry would have revealed this lawsuit to be legally baseless.  Rather,
23 Plaintiff explains that it first filed this frivolous lawsuit, then *deliberately* waited to serve process
24 while Mr. Sandlin investigated whether the suit had any merit.  In Plaintiff's own words:  "the

---

[1] In compliance with Rule 11(c)(2)'s safe harbor provision, Defendants first served this motion for sanctions on Plaintiff in September 2016.  Dkt. # 30-4.

ORDER GRANTING DEFENDANTS' MOTION
FOR SANCTIONS AND FOR ATTORNEYS' FEES  -3-

efforts of [Plaintiff] and its attorney reflect the essence of good faith. . . . In its conservative position, [Plaintiff] purposefully declined to perfect original service of process, relying upon Rule 4(m) to cause the potential lawsuit to expire by operation of law. . . . As the plaintiff continued to test its position it ultimately determined the action should not be commenced, and deliberately failed to perfect original service of process." Dkt. # 34 at 11–12. Because service never occurred, Plaintiff argues, this case must be dismissed and the "motion for sanctions should not proceed to judgment." Dkt. # 34 at 7 n.2.[2]

Plaintiff and Mr. Sandlin have essentially conceded that they intentionally wasted the Court's time by filing – and then litigating rather than voluntarily dismissing – a frivolous lawsuit. Such conduct is hardly "the essence of good faith." An award of attorneys' fees under RCW 4.84.185 and sanctions under Fed. R. Civ. P. 11 are entirely appropriate under the circumstances.

For all the foregoing reasons, Defendants' motion for sanctions and attorneys' fees (Dkt. # 29) is GRANTED. Defendants are ordered to submit a statement of reasonable attorneys' fees incurred in defending this action within fourteen days of the date of this order. Upon review of that statement, the Court will enter an order awarding reasonable attorneys' fees against Plaintiff and sanctioning Mr. Sandlin for filing objectively baseless claims without conducting a competent inquiry in violation of Rule 11.

DATED this 5th day of April, 2017.

Robert S. Lasnik
United States District Judge

---

[2] In response to the Court's order to show cause why this case should not be dismissed for lack of service (which preceded Defendants' motion for sanctions), Dkt. # 28, Plaintiff similarly represented that "[i]n an abundance of caution [Plaintiff] reserved commencing this action by forestalling its decision to accomplish original service of process. No original service of process was ever completed for any of the defendants, including Capital One, N.A." Dkt. # 31 at 2.