# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

INTEGRITY TRUST, by its trustee, Jon Cuddeback,

    Plaintiff,

v.

CAPITAL ONE, N.A., *et al.*,

    Defendants.

Case No. C16-927RSL

ORDER AWARDING FEES AND DISMISSING CASE

This matter initially came before the Court on defendants Capital One, N.A. and MERS's motion for Rule 11 sanctions and attorneys' fees. Dkt. # 29. Pursuant to this Court's order granting that motion, Dkt. # 39, defendants submitted a declaration setting forth the expenses incurred in defending this action, Dkt. ## 40, 40-1, 40-2. Plaintiff did not respond. Having reviewed defendants' submissions and the remainder of the record, the Court finds as follows.

Defendants seek attorney's fees in the amount of $55,175 (143.5 hours at a rate of $365 per hour, plus 12.4 hours at a rate of $225 per hour), plus costs in the amount of $518.02. Dkt. # 40, ¶ 3. Having reviewed the declaration and timekeeping exhibits submitted by defendants' counsel, the Court finds that the hours expended on this litigation and the rates charged by defendants' counsel are reasonable. See Intel Corp. v. Terabyte Int'l, Inc. 6 F.3d 614, 622 (9th Cir. 1993). Accordingly, the Court concludes that fees and costs in the amount of $55,693.02 are reasonable. Moreover, sanctions of $55,693.02 are appropriate to deter Integrity Trust, the

ORDER AWARDING FEES
AND DISMISSING CASE - 1

Alexanders, and Mr. Sandlin from filing a fourth frivolous lawsuit. See Fed. R. Civ. P. 11(c)(4).

Accordingly, plaintiff and plaintiff's counsel, J.J. Sandlin, shall, within 90 days of the date of this order, together reimburse defendants Capital One, N.A. and MERS for fees and costs in the total amount of $55,693.02. The Clerk of Court is directed to enter judgment for defendants Capital One, N.A. and Mortgage Electronic Registration Systems, Inc. and against plaintiff Integrity Trust in the amount of $55,693.02.

Additionally, in light of plaintiff's failure to show cause why plaintiff's action against defendants Chevy Chase Bank, Chicago Title Company, and John Does 1-50 should not be dismissed, see Dkt. ## 28, 31, plaintiff's claims against those defendants are hereby dismissed. The Clerk of Court is directed to enter judgment for defendants Chevy Chase Bank, Chicago Title Company, and John Does 1-50 and against plaintiff Integrity Trust.

SO ORDERED this 25th day of April, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER AWARDING FEES
AND DISMISSING CASE - 2